DAVID TODD, ETC., *v.* H. RODMAN, ADM'R, ETC.

**Trusts—Death or Resignation of Trustee.**

If a trustee resigns or dies, a court of equity has the power to appoint another as trustee in his place. since the trust will not be allowed to lapse for want of a trustee.

43

**Trusts—Authority of Trustee.**

A trustee appointed by a will can' only do what the will authorizes him to do, but a trustee appointed by the court derives his power from the court and must execute the trust only as authorized by the court.

**Trusts—Unlawful sale by Trustee.**

Where a trustee unlawfully sells a note belonging to the trust fund, and the contract can be rescinded without loss, the sale will be set aside.

APPEAL FROM FRANKLIN CIRCUIT COURT.

April 22, 1873.

Opinion by Judge Peters:

The late Samuel Todd devised to his friend, John T. Stoffer, the whole of his estate, real, personal and mixed, to be held in trust for certain purposes therein named. He also nominated said Stoffer as his executor. At the March term, 1859, of the Franklin County Court the will was properly probated, and it appears that Stoffer some time after that qualified as executor thereof and undertook to execute the trusts confided to him. It further appears from a copy of a judgment filed in the record rendered at the March term, 1869, of the Franklin Circuit Court, in the suit of Mary S. Todd and others against said Stoffer, that he tendered to that court his resignation as trustee, which the court accepted, and then the court proceeds to adjudge that "Dabney Todd is appointed their trustee, and the said Stoffer is directed to deliver to the said trustee the two bonds on the Louisville and Frankfort Railroad, mentioned in the petition."

By his will said testator conferred the power on his said executor after the death of his wife, for whose comfortable support he made provision, to sell and convey any of his real estate with the consent of his daughter-in-law, Mary S. Todd, and if his wife should consent thereto he was authorized to sell during her life.

After the appointment of Dabney Todd trustee for Mary S. Todd and her children by the Franklin Circuit Court, he as trustee sold a valuable house and lot in the city of Louisville, a part of the trust property, to the Central Savings Bank of said city in consideration of

$15,000, for which said bank executed its note payable ten years after date, bearing interest at the rate of six per centum per annum from date, payable quarterly, and reserving a lien on the estate sold to secure the price, and the said Dabney Todd, as trustee, conveyed the estate to the purchaser, his wife, the said Mary S. Todd, the principal beneficiary in the will, joining him in the conveyance, in which it is recited that he, the said Dabney Todd, has the power to sell and to convey said real estate under the will of said testator.

On the 9th of October, 1871, Dabney undertook as trustee of Mary Todd and her children to assign the note for the Louisville property by a formal writing in which his wife, the said Mary S. Todd, joined him, to Dr. Hugh Rodman for a valuable consideration, covenanting in the assignment that he has title to the note, the right to sell and transfer it, and binding himself personally and in his character of trustee for the validity of said assignment.

Doctor Rodman having died not a great while after he took the assignment of the note, his administrator filed a petition in equity in the Franklin Circuit Court against Dabney Todd, his wife, Mary S. Todd, and her children, all of whom are infants, and who are beneficiaries under the will of said testator, alleging the foregoing facts, setting forth that decedent purchased said note for the consideration of nine thousand dollars, three thousand dollars in money paid down at the time of the purchase, a house and lot in Frankfort worth one thousand dollars and which the trustee had rented at an annual rent of $144 per annum, a note on A. Brawner secured by a lien on real estate in Frankfort and which was bearing ten per cent. interest per annum for two thousand dollars, and that the interest was promptly paid, and that he had executed his own note for three thousand dollars with interest at the rate of ten per cent. per annum from date, which was also promptly paid; that the amount paid and promised to be paid was at the time a fair and full price for said note and more than any one else would have given for it. He alleges that said Dabney Todd had the same power under the will that the executor had, and that in pursuance of said power said sales were made with the consent of his wife and Mary S. Todd, and were beneficial to all the *cestuis que trustent;* and asks the court to approve and ratify the sale and transfer of said note, and that he may be adjudged to pay to Todd, the trustee, the amount unpaid, and which he as administrator of Dr. Rodman owes for the same.

On the petition of the Central Savings Bank it was made a defendant to the suit and admits the sale of the house and lot in Louisville to it by Todd as trustee, and prays that its rights and interests may be protected.

Todd and wife both answered and alleged that the sale of the house and lot and the note were not only advantageous to the *cestuis que trustent,* but state that it was a necessity in order to put the residence of the family in a state of comfortable repair, and for family considerations.

The guardian *ad litem* who answered for a part of the infants in a formal way, merely denied what was stated in the petition to their prejudice.

On final hearing the court below adjudged that the sale of the house and lot in Louisville was absolutely necessary for the repair of the mansion house, and for the support of the *cestuis que trustent,* that the trustee was authorized to make the sale and he approved it; that by the appointment of him as trustee by the court he succeeded to all the powers and rights of Stoffer, and that the sale and assignment of the note of the Central Savings Bank to Dr. Rodman was proper, and was ratified by the court, and from that judgment the infant defendants prosecuted this appeal and Todd and wife a cross-appeal.

After Stoffer resigned the trust a court of equity had the power to supply his place by the appointment of a trustee, as it is a well-settled principle of equity that a trust shall not fail for the want of a trustee; but in such cases the court making the appointment takes upon itself the due execution of the trust.

Stoffer, who was appointed trustee by the testator, derived his power from the will, and could lawfully do whatever the will authorized him to do. But Todd, who was appointed to the trust by the court, derives his power from the court, and can execute the trust so far as he is authorized and empowered by the court to do it.

Todd was not authorized by the order appointing him trustee for his wife and children, nor directed to sell the house and lot in Louisville, nor any other of the trust property.

Nor did the order of appointment invest him with the same powers that the will conferred on Stoffer.

Having derived his authority from the court, he could not sell the property unless he was expressly authorized to make the sale

by an order of court, and then if a sale had been made it would have been the act of the court through him as its agent, and if the court had authorized him to make the sale of the property it would have required him to make it subject to its confirmation, so that it would have retained full power over the subject, and to control the purchase money and have it appropriated according to the intention and directions of the testator. *Harris, etc., v. Rucker,* 13 B. Mon. 564.

It is clear, therefore, that Todd had no power to make sale of the house and lot nor of the note executed for the price, but as it may not have been to the prejudice of the beneficiaries under the will to have sold the house and lot, and as the parties by a rescission might not be placed in statu quo the court will not now conclude that question, but will remand the cause on that branch with directions for amended pleadings and further proceedings, and for a confirmation of the sale, if it can be done without prejudice to the rights of the infants. As to the sale of the note to Dr. Rodman, the condition of the parties is different; the contract can be rescinded without loss to his estate, and although it does appear from the evidence that he paid more for the note than others would pay, still, as Todd had no power to make the sale, it must be set aside on equitable principles. Wherefore the judgment is *reversed* and the cause is remanded with directions for Dabney Todd, trustee as aforesaid, to reconvey the house and lot in South Frankfort, conveyed to him by Dr. Hugh Rodman, to his heirs, to surrender up the note on A. Brawner assigned to him by Dr. Rodman to his administrator, to surrender up the note which he holds for $3,000 on Dr. Rodman to his administrator, and the administrator will surrender the note on the Central Savings Bank for $15,000 to the court, to be placed in the hands of a receiver to be appointed by the court, who will collect the interest thereon as it falls due, to be applied to the extinguishment of the balance of the $3,000 cash paid by Dr. Rodman to said Dabney Todd, that balance to be ascertained by the master, who will settle the accounts between the parties on the following principles: The administrator of Dr. Rodman will be charged with all the interest he has collected on the note for $15,000 on the Central Savings Bank, and credited by the amount of rents received by D. Todd on the house and lot conveyed to him, by the interest collected on the Brawner note, and the interest received on the note of $3,000

executed by Dr. Rodman to Todd and the balance received by the administrator to be credited on the $3,000 cash paid by Dr. Rodman. Then the interest on the note for $15,000 on the Central Savings Bank to be applied to the payment of the residue of the $3,000, which will bear interest at the rate of six per cent per annum till paid. The annuity to Louisa Todd is to be protected, and if Rodman has paid Louisa Todd her annuity that is to be credited to him.

The court will order a settlement. of the accounts of Dabney Todd as trustee and take such steps as may be necessary to secure the trust estate in his hands.

Judgment *affirmed* on cross-appeal.

*Moore, Brown, Julian, for appellants.*

*Rodman, B. Young, Gibson & Gibson, for appellees.*